UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LAWRENCE ANDREW ATKINS,

                    Petitioner,

    v.                                         9:25-CV-0376
                                             (GTS)
SHERIFF,

                    Respondent.
_____

APPEARANCES:                          OF COUNSEL:

LAWRENCE ANDREW ATKINS
Petitioner, pro se
4909
Cayuga County Jail
7445 County House Road
Auburn, New York 13021

GLENN T. SUDDABY
United States District Judge

## DECISION and ORDER

## I.    INTRODUCTION

    Petitioner seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254.  Dkt. No.

1, Petition ("Pet.").[1]  Petitioner also remitted the statutory filing fee with his pleading.  Dkt.

Entry for Pet. dated 03/26/25 (memorializing receipt information from the filing fee

transaction)

## II.    THE PETITION

    The present petition is, at best, difficult to decipher.  Petitioner indicates that he was

convicted, in Auburn City Court, of resisting arrest and third degree assault, pursuant to a

---

[1] Citations to petitioner's submissions refer to the pagination generated by CM/ECF, the Court's electronic filing system.

guilty plea.  Pet. at 1-2.  However, petitioner fails to indicate the date of his conviction or

sentencing.  *Id.* at 1.  Further, the Court's independent research indicates that petitioner was

convicted of fourth degree criminal possession of stolen property in Cayuga County in 2021

and 2024; however, there is no record for a conviction for third degree assault.   *See* New

York State Department of Corrections and Community Supervision's ("NYSDOCCS")

Incarcerated Lookup, https://nysdoccslookup.doccs.ny.gov/ (searching "Atkins, Lawrence A")

(last accessed April 1, 2025).  Petitioner indicates that he did not directly or collaterally

challenge his state court conviction.  Pet. at 2-4.

Petitioner argues that he is entitled to federal habeas relief because his counsel was

constitutionally ineffective for failing to visit with him, investigate, or counsel petitioner

regarding his state court criminal matter, so much so that the trial judge removed counsel

from representing petitioner.  Pet. at 3-4.  The undersigned found an Appellate Division

decision dated July 1, 2022, granting a motion to relieve counsel from representing petitioner.

*See People v. Atkins*, 207 A.D.3d 1092, 1092 (4th Dep't 2022).  It is unclear whether this

opinion is related to the claims for which petitioner presently contends he is entitled to relief.

## III.    DISCUSSION

### A.    Rule 2

Petitioner's papers do not comply with the Rules Governing Section 2254 Cases in the

United States District Courts ("Habeas Rules").  A habeas petition must challenge a specific

state court judgment.  *See* Habeas Rules 1(a)(1).  Here, petitioner has failed to provide the

undersigned with the requisite details to identify which state court judgment petitioner

challenges.  Further, Habeas Rules 2(c)(1) and (2) require that a petition specify all grounds

for relief available to the petitioner and the facts supporting each ground.  Although petitioner

articulated facts purporting why his counsel was ineffective, it is impossible for the Court to

determine whether the Appellate Division decision was related to petitioner's complaints and

whether his complaints were referencing his counsel for his first or second state court

conviction.

The Court will not speculate on the grounds, and supporting facts, being advanced by

petitioner. Each ground he wants to raise in this proceeding, and the facts supporting each

ground, must be set forth in the petition itself.

Thus, petitioner is given leave to file an amended petition within thirty (30) days of the

filing date of this Decision and Order to clarify the factual basis underlying his criminal

conviction and present claim.

### B.    Exhaustion

An application for a writ of habeas corpus may not be granted until a petitioner has

exhausted all remedies available in state court unless "there is an absence of available State

corrective process" or "circumstances exist that render such process ineffective to protect the

rights of the applicant." 28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii). To satisfy the exhaustion

requirement, a petitioner must do so both procedurally and substantively. Procedural

exhaustion requires that a petitioner raise all claims in state court prior to raising them in a

federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief

in "each appropriate state court (including a state supreme court with powers of discretionary

review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541

U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must give the state courts

one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Here, petitioner indicates that he did not directly appeal his conviction; however, it appears petitioner may have engaged the state court to receive relief from his allegedly ineffective counsel.  Because petitioner has failed to provide any details about the procedural history behind his state court criminal conviction or any collateral proceeding subsequently challenging it, the undersigned cannot determine (1) whether petitioner has properly exhausted his state court remedies; (2) if any remedies have been properly commenced and are in the process of being exhausted; or (3) whether petitioner has attempted to exhaust his state court claims and such remedies were unavailable to him.  Therefore, petitioner is also given an opportunity to clarify (1) how his claims have been exhausted via state court remedies; (2) how his claims are currently being exhausted; or (3) the specific reasons why the state corrective process is unavailable to him or the circumstances which exist that fail to protect his rights in the direct appeal or collateral state court challenge process.

IV.    **CONCLUSION**

**WHEREFORE**, it is

**ORDERED** that petitioner may file an amended petition **within thirty (30) days** of the filing date of this Decision and Order.  The Clerk is directed to provide petitioner with a blank § 2254 habeas petition for this purpose. **Petitioner shall complete every part of the blank petition.  Petitioner shall state the date of his allegedly unlawful conviction and sentence.  Petitioner must also state the date(s) upon which he filed any state court proceedings in which he challenged his state court conviction and resulting custody and clearly set forth the grounds raised in each application and the date(s) upon which**

the court(s) decided each application.  **Petitioner must specify all the grounds upon which his federal petition is based, including how petitioner has attempted to exhaust his claims, and the facts supporting each ground** in the amended petition.

Petitioner **shall not** incorporate any portion of his original papers into his amended petition by reference.  He must include all relevant information in the amended petition and shall submit only one amended petition in accordance with the terms of this Decision and Order.  Petitioner must also sign and date the petition; and it is further

**ORDERED** that if petitioner does not file an amended petition within thirty (30) days of the filing date of this Decision and Order, the Clerk shall enter judgment dismissing this action without further order of the Court, Habeas Rule 4; and it is further

**ORDERED** that upon the filing of any amended petition, the Clerk shall forward the file in this matter to the Court for further review.  No answer to the petition will be required from the respondent until petitioner has submitted the amended petition and the Court has had the opportunity to review his arguments; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on petitioner in accordance with the Court's Local Rules of Practice.

Dated: April 8, 2025

Glenn T. Suddaby
U.S. District Judge